```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

LEMOYNE'S RESTAURANT, INC., ET        CIVIL ACTION
AL.

VERSUS                                NO: 07-8445

AXIS SURPLUS LINES INSURANCE          SECTION: "J" (3)
COMPANY
```

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Rec. Doc. 4). For the reasons below, Defendant's Motion is **DENIED**.

### BACKGROUND

This is a case that arises out of damage to property located at 1311 Decatur Street in New Orleans following Hurricane Katrina. It appears that three trusts, named as plaintiffs, are the owners of the property in question. The trusts leased the property to plaintiff LeMoyne's Restaurant. The lease between the plaintiffs required that the lessee, LeMoyne's carry and maintain commercial liability and property damage insurance. Pursuant to the lease agreement, LeMoyne's did obtain the required insurance, which was in effect on August 29, 2005. After reporting the loss to Axis, LeMoyne's assigned and subrogated its rights to the owners of the building.

The policy obtained included the following language:

"Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured. "

Under this language of the policy, Defendant seeks to dismiss the claims of the owners against it under Rule 12(b)(6). Defendant urges this court to look to the four corners of the insurance contract and hold that the rights under the policy cannot be assigned, and therefore, as a matter of law, the owners cannot state a claim against Axis.

Plaintiff argues that the assignment took place after the occurrence of the loss in question, and therefore the anti-assignment clause does not apply.

## LEGAL STANDARD

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* (*citing Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).

In general, when deciding a motion to dismiss for failure to state a claim, a court should not consider "matters outside the pleadings." *See* FED. R. CIV. P. 12(b).  However, the Fifth Circuit has held that documents that a defendant attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## DISCUSSION

LeMoyne's argues that it has instituted this lawsuit to recover for damages suffered to the premises as a result of Hurricane Katrina.  LeMoyne's further asserts that the payments it did receive from Axis were insufficient for it to repair the premises.  LeMoyne's sought the aid of the building' owners, and has assigned to them its rights under the policy.  It is this assignment that Axis contends is invalid.

Plaintiffs concede that any assignment of rights prior to the loss would be prohibited by the anti-assignment clause.  However, Plaintiffs contend that it is permissible to assign rights under an insurance policy subsequent to a loss.

3

There is only one case in Louisiana which seem to be on point. In *Geddes & Moss Undertaking & Embalming Co. v. Metro. Life Ins. Co.*, 167 So. 209 (La. App. Orl. Cir. 1936), the court considered the case of a beneficiary of life insurance. In the case, a man by the name of Silas Therell purchased a life insurance policy naming his daughter as the beneficiary. After Mr. Therell's death, his daughter assigned her rights in the policy to Geddes & Moss. The insurance policy in question contained the following provision.

> "Any assignment or pledge of this policy or of any benefits hereunder shall be void and of no effect. . . . If this policy be assigned or otherwise parted with . . . this policy shall be void."

*Id.* at 210. The court noted that similar provisions had been upheld in other courts. For example, in *Moise v. Mut. Reserve Fund Life Ins. Co.*, 13 So. 170 (La. 1893), the Louisiana Supreme Court held that the assignment of rights under an insurance policy was void when the contract itself prohibited such an assignment. However, the *Geddes* court distinguished *Moise* on its facts.

The *Geddes* court reasoned that there is a distinction between the assignment of a policy before a loss and assignment of a policy after a loss. *Geddes*, 167 So. at 210. Upon

surveying law from other states, the court concluded that the majority rule is that assignment after loss is permitted despite a contract provision to the contrary.

Current commentators and courts have adhered to this majority rule.

> "[T]he great majority of courts adhere to the rule that general stipulations in policies prohibiting assignments thereof except with the consent of the insurer apply only to assignments before loss, and do not prevent an assignment after loss, for the obvious reason that the clause by its own terms ordinarily prohibits merely the assignment of the policy, as distinguished from a claim arising thereunder, and the assignment before loss involves a transfer of a contractual relationship while the assignment after loss is the transfer of a right to a money claim. The purpose of a no assignment clause is to protect the insurer from increased liability, and after events giving rise to the insurer's liability have occurred, the insurer's risk cannot be increased by a change in the insured's identity."

3 COUCH ON INSURANCE § 35:7 (3d ed. 2007)(citations omitted).

In a recent case, the United States District Court for the District of Vermont considered a very similar situation. The court had to consider whether a post-loss assignment violates the anti-assignment clause of an insurance policy. After determining that the Vermont Supreme Court had not yet ruled on the issue, the court surveyed cases law from other states and made an *Erie* guess that a post-loss assignment does not violate such an anti-assignment clause. *See R.L. Vallee Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 431 F. Supp. 2d 428, 434-35 (D. Vt. 2006). Recent cases in New York, California, Iowa, and Washington, D.C. have all reached the same result. *See Globecon Group v. Hartford Ins. Co.*, 434 F.3d 165, 170-73 (2d Cir. 2006)(applying New York law); *Antal's Restaurant, Inc. v. Lumbermans Mut. Cas. Co.*, 680 A.2d 1386, 1388 (D.C. 1996)(finding similar results in case law from Alabama, Maine, Wisconsin, California, Georgia, Illinois and New York); *Conrad Bros. v. John Deere Ins. Co.*, 640 N.W.2d 231, 236-37 (Iowa 2001).

Therefore, having considered the case law in Louisiana, and the majority rule as it exists in other states, the Court is of the opinion that an anti-assignment clause in an insurance policy does not prevent the assignment of rights under the policy after a loss has occurred. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana this the 2nd day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE